UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERALD HUFFMAN, THERESA
HUFFMAN, individually, and
on behalf of the general
public,

     Plaintiffs,

    v.

TARGET CORPORATION, a
corporation, aka TARGET INC.,
a corporation,

    Defendants.

No. 2:11-cv-00488-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs Gerald and Theresa Huffman ("Plaintiffs")
initiated this action in Sacramento County Superior Court on
January 14, 2011, and Defendant Target Corporation ("Defendant")
removed the case to this Court on February 18, 2011.  Presently
before the Court is Plaintiffs' Motion to Remand ("Motion").  For
the following reasons, Plaintiffs' Motion is GRANTED.[1]

---

[1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiffs filed their Complaint in state court, alleging causes of action arising out of Defendant's violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.32, and Unfair Competition Law ("UCL"), Business and Professions Code § 17200, et seq. Plaintiffs generally allege that Defendant engaged in unlawful debt collection practices by, among other things, contacting Plaintiffs by telephone on numerous occasions, even after being advised that Plaintiffs were represented by counsel. According to Plaintiffs, Defendant's actions constitute violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and thus also constitute violations of the RFDCPA. These alleged RFDCPA violations in turn establish violations of the UCL.

More specifically, Plaintiffs allege that prior to November 2010, they incurred financial obligations owing to Defendant and qualifying as "debt" and "consumer debt" under California Civil Code § 1788.2(d), (f). Complaint, ¶ 16. Because these obligations were incurred for "personal, family or household purposes," they also constitute "debt(s)" under 15 U.S.C. ¶ 1692a(5). Id., ¶ 17.

///
///
///
///
///

2

1    Plaintiffs became delinquent on their payments and, on

2    approximately November 21, 2010, Defendant called one of the

3    Plaintiff's[2] cell phones to demand payment. Id., ¶¶ 18-19. That

4    Plaintiff provided the caller with the name of the attorney

5    Plaintiffs had retained to assist them with their financial

6    difficulties. Id., ¶ 19. According to Plaintiffs, this call

7    from Defendant constituted a "communication" under 15 U.S.C.

8    § 1692a(2), a "debt collection" under California Civil Code

9    § 1788.2(b), and an "initial communication" under 15 U.S.C.

10   § 1692g(a). Id., ¶ 20.

11   Despite having been provided with the name of Plaintiffs'

12   counsel, Defendant informed Plaintiffs it would continue to call

13   Plaintiffs directly, and, over approximately the next month,

14   proceeded to do so. Id., ¶¶ 21-22. For example, on December 28,

15   2010, Defendant's employee contacted Mr. Huffman demanding

16   information from him and informing him that "Target does not call

17   lawyers." Id., ¶ 25. Defendant then continued to make

18   additional calls, including three calls on January 2, 2011, and

19   two calls the following day. Id., ¶ 28.

20   Plaintiffs notified their counsel of the calls, and one of

21   the attorney's staff members attempted to provide verbal notice

22   to Defendant that counsel had been retained. Id., ¶ 30.

23   Defendant indicated to that staff member that it was aware

24   Plaintiffs were represented and that it already had counsel's

25   contact information. Id.

26   ///

27

28       [2] It is unclear from Plaintiffs' Complaint, which Plaintiff
was reached during this call.

3

Plaintiffs thus complain as follows:

These calls made by Defendant despite Defendant's knowledge of Plaintiff's retention of an attorney in addition to having that attorney's name, address and communication information is a direct violation of 15 U.S.C. 1692c(a)(2).  Id., ¶ 23.

Because these acts violated certain provisions of 15 U.S.C. 1692c(a)(2), the acts are also a violation of Cal. Civ. Code § 1788.17.  Id., ¶ 24.

The natural consequence of this and every other call made once Defendant was aware Plaintiff was represented by counsel can only be interpreted as having the natural consequence of harassing, oppressing or abusing Plaintiff, and thus in violation of 15 U.S.C. § 1692d, et seq.  Id., ¶ 26.

Because these acts violated certain provisions of 15 U.S.C. 1692d, the acts are also a violation of Cal. Civ. Code § 1788.17.  Id., ¶ 27.

Again, these calls equate to violations of Cal. Civ. Code § 1788.17, as they violate certain provisions of 15 U.S.C. 1692, et seq.  Id., ¶ 29.

Defendant's continued and relentless collection efforts upon Plaintiff has caused Plaintiff worry, confusion, and distress concerning their right to be free from these calls when represented by an attorney.  Id., ¶ 32.

According to Plaintiffs, Defendant's above conduct resulted in "numerous and multiple violations" of the RFDCPA and the UCL. Id., ¶¶ 34, 37.  Despite specifically bringing only state law claims, Plaintiffs nonetheless allege that jurisdiction over their action "arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims" and that "[v]enue is proper pursuant to 28 U.S.C. § 1391."  Id., ¶¶ 4, 6.

///

///

///

4

1  Defendant thus removed the action to this Court reasoning
2  that: 1)"[t]he Complaint states that jurisdiction arises under
3  Federal law"; 2) "Federal law is a necessary element of the
4  Plaintiffs' claim for damages pursuant to the Fair Debt
5  Collection Practices Act"; and 3) Plaintiffs' "claim for damages
6  cannot be supported by an alternative and independent theory
7  under state law."  Notice of Removal, Id., ¶ 3.  Plaintiffs
8  subsequently filed the instant Motion seeking to remand this
9  action to state court because, contrary to Defendant's
10  assertions, Plaintiffs' claims are supported by an "alternative
11  and independent" state law theory and thus federal question
12  jurisdiction is lacking.  Memorandum of Points and Authorities in
13  Support of Plaintiffs' Motion to Remand ("Memorandum"), p. 10-11.

14
15                              **STANDARD**
16

17  A defendant may remove any civil action from state court to
18  federal district court if the district court has original
19  jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
20  district courts have original jurisdiction over civil actions in
21  two instances: (1) where there is complete diversity between the
22  parties, or (2) where a federal question is presented in an
23  action arising under the Constitution, federal law, or treaty.
24  28 U.S.C. §§ 1331 and 1332.

25  The removing party bears the burden of establishing federal
26  jurisdiction.  Ethridge v. Harbor House Rest., 861 F.2d 1389,
27  1393 (9th Cir. 1988).  Furthermore, courts construe the removal
28  statute strictly against removal.

5

1  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citations
2  omitted).  If there is any doubt as to the right of removal in
3  the first instance, remand must be granted.  <u>See</u> <u>id.</u> at 566.
4  Therefore, if it appears before final judgment that a district
5  court lacks subject matter jurisdiction, the case shall be
6  remanded to state court.  28 U.S.C. § 1447(c).

7       The district court determines whether removal is proper by
8  first determining whether a federal question exists on the face
9  of the plaintiff's well-pleaded complaint.  <u>Caterpillar, Inc. v.</u>
10  <u>Williams</u>, 482 U.S. 386, 392 (1987).  If a complaint alleges only
11  state-law claims and lacks a federal question on its face, then
12  the federal court must grant the motion to remand.  <u>See</u> 28 U.S.C.
13  § 1447(c); <u>Caterpillar</u>, 482 U.S. at 392.  Nonetheless, there are
14  rare exceptions when a well-pleaded state-law cause of action
15  will be deemed to arise under federal law and support removal.
16  They are "(1) where federal law completely preempts state law,
17  (2) where the claim is necessarily federal in character, or
18  (3) where the right to relief depends on the resolution of a
19  substantial, disputed federal question."  <u>ARCO Envtl. Remediation</u>
20  <u>L.L.C. v. Dep't of Health & Envtl. Quality of Mont.</u>, 213 F.3d
21  1108, 1114 (9th Cir. 2000) (internal citations omitted).

22
23                          **ANALYSIS**
24

25       The parties' only relevant jurisdictional dispute in this
26  case goes to whether, under the final exception just mentioned,
27  Plaintiffs' state law claims "depend[] on the resolution of a
28  substantial, disputed federal question."  <u>Id.</u>

"[W]here, as here, state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if 'it appears that some substantial, disputed question of federal law is a <u>necessary</u> element of one of the well-pleaded state claims[.]"   Rains v. Criterion Systems, Inc., 80 F.3d 339, 345 (1996) (emphasis in original) (quotations and citations omitted).   "When a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim."   Id. at 346.   Plaintiffs and Defendant fundamentally disagree as to whether Defendant's alleged violations of the FDCPA are "necessary elements" of Plaintiffs' state law claims or whether those state law claims can be supported by alternative and independent state law grounds.[3]

According to Defendant, Plaintiffs' state law claims necessarily turn on violations of federal law because Plaintiffs only specifically reference California Civil Code § 1788.17 as the basis for their RFDCPA claim.   Section 1788.17 incorporates by reference provisions of the FDCPA and makes violations of federal law a violation of state law as well.   Defendant thus argues that Plaintiffs' multiple references to Defendant's violations of federal law are dispositive of the parties' jurisdictional dispute.

---

[3] This issue is only discussed below in the context of Plaintiffs' RFDCPA claim because Plaintiffs' UCL claim is a derivative cause of action; if federal law is necessary to the RFDCPA claim it is also necessary to the UCL claim and vice versa.

In addition, Defendant cites to Plaintiffs' jurisdictional
statement, where Plaintiffs assert that jurisdiction and venue
arise under federal law, as further support for a finding that
federal jurisdiction exists.  Accordingly, based on Plaintiffs'
jurisdictional statements, and because Plaintiffs only make
specific references to federal law and the state provision
incorporating that law into the RFDCPA, Defendant argues that
Plaintiffs' state law claims necessarily turn on the
interpretation of federal law.

     For their part, Plaintiffs argue that their assertions of
jurisdiction should be ignored, and stricken if necessary,
because they are improper.  Plaintiffs also argue that, despite
their reference to federal law and to Section 1788.17, Plaintiffs
have alleged sufficient facts to state claims for direct
violations of the RFDCPA.  For example, Plaintiffs claim they
alleged facts indicating the frequency of the calls made was
unreasonable directly under the RFDCPA without reference to
federal law.  See Memorandum, 10:19-21 ("Plaintiff could prevail
by showing that the nature of Defendant's collection calls were
made to annoy Plaintiff pursuant to Cal. Civ. Code § 1788.11(d)
or (e) that the frequency of calls was unreasonable.").
According to Plaintiffs, because they can successfully prove a
RFDCPA violation (and thus a UCL violation) strictly under state
law, their claims are supported by an "alternative and
independent theory" distinct from their federal law theories.
///
///
///

8

1    First and foremost, Plaintiffs' assertions of jurisdiction

2  do not render such jurisdiction proper.  <u>See Rains</u>, 80 F.3d at

3  343.  In addition, Plaintiffs are not required to cite to

4  specific statutory sections in their Complaint so long as the

5  basis for their claims remains clear.  <u>Alvarez v. Hill</u>, 518 F.3d

6  1152, 1157 (9th Cir. 2008) ("Notice pleading requires the

7  plaintiff to set forth in his complaint <u>claims for relief</u>, not

8  causes of action, statutes or legal theories.") (emphasis in

9  original); <u>see also</u> <u>Self Directed Placement Corp. v. Control Data</u>

10  <u>Corp.</u>, 908 F.2d 462, 466 (9th Cir. 1990) (determining complaint

11  put defendant on notice of plaintiff's unfair competition law

12  claim even though no explicit "unfair competition" claim was

13  listed when plaintiff referred to unfair competition in its

14  jurisdictional statement, other claims and its prayer for relief

15  and when plaintiff alleged sufficient facts to give rise to such

16  a claim).  Therefore, neither Plaintiffs' multiple citations to

17  federal law without reference to similar state statutes, nor

18  their jurisdictional statements, affect the Court's jurisdiction.

19    Moreover, Plaintiffs specifically allege that, even after

20  notifying Defendant they were represented by counsel, Plaintiffs

21  continued to receive multiple calls, in some cases repeatedly

22  within the same day.  These allegations are sufficient to state a

23  claim under the RFDCPA, California Civil Code § 1788.11(d)-(e),

24  without reference to federal law.  <u>Joseph v. J.J. Mac Intyre</u>

25  <u>Companies, L.L.C.</u>, 238 F. Supp. 2d 1158, 1167-69 (N.D. Cal.

26  2002); <u>Simmons v. Countrywide Home Loans, Inc.</u>, 2010 WL 2635220,

27  *6 (S.D. Cal.).

28  ///

Accordingly, because Plaintiffs, by citing to Civil Code Sections 1788-1788.32, make clear in their Complaint that they are proceeding under multiple provisions of the RFDCPA, and because Plaintiffs have alleged sufficient facts to support independent violations of state law absent their simultaneous reliance on federal law, federal jurisdiction does not provide a "necessary" element of Plaintiffs' claims, and this Court lacks jurisdiction over Plaintiffs' Complaint.

**CONCLUSION**

Based on the foregoing, the Court finds this case should be remanded to the originating state court, the Superior Court of the State of California in and for the County of Sacramento, for final adjudication. Plaintiffs' Motion to Remand (ECF No. 8) is accordingly GRANTED. The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: May 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE